TM6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(69)

| | | |
|---|---|---|
| MARINA KARPENKO a/k/a MARINA P. LEENDERTZ | : | CIVIL ACTION |
| Petitioner | : | |
| vs. | : | NO. 09-03207 |
| PAUL P. LEENDERTZ | : | |
| Respondent | : | |



FILED
MAR 15 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                 MARCH 15, 2010

Petitioner Marina Karpenko filed a Verified Petition for Return of Child to Petitioner pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, after her daughter was removed from the Netherlands by Respondent on May 27, 2009. By Memorandum Opinion and Order dated March 3, 2010, the Court granted the Petition and ordered that the child be returned to the Netherlands with her Mother within 10 days of the date of that Order. On March 4, 2010, Respondent filed an Emergency Motion for a Stay Pending Appeal. Before Petitioner answered the Emergency Motion and the Court ruled on the Motion, Respondent filed an appeal of the Court's March 3, 2010 Order to the United States Court of Appeals for the Third Circuit, along with an Emergency Motion for a Stay. By Order dated March 10, 2010, the Court vacated the portion of its March 3, 2010 Order which ordered the child returned to the Netherlands within 10 days of that Order so that the Petitioner could respond to, and the Court could adequately consider, the parties' positions on the Motion for a Stay that Respondent filed with this Court. On March 11, 2010, the Petitioner filed a Response to the Emergency Motion for a Stay in this Court. On March 12, 2010, Respondent filed a "Motion to Amend/Correct Emergency Motion for a Stay." On March 14, 2010, Petitioner filed a Response to the Respondent's Motion to Amend/Correct. For the reasons which follow, the Respondent's Emergency Motion for a Stay Pending Appeal is granted.

3-16-10 e-mailed to: K. Scokhoo  L-Gardner
                     K. Powers
                     S. Cullen

The factors the Court must consider on a motion for a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).[1] These elements are considered as a whole, and the elements cannot be reduced to a rigid set of rules. Hilton, 481 U.S. at 777-78.

The first element is that the stay applicant has made a strong showing that he is likely to succeed on the merits. The Court believes it ruled correctly in this case and that Respondent is unlikely to succeed on the merits of an appeal.

After reviewing all the evidence, the parties' arguments and the applicable law, the Court concluded, in a factually intensive Memorandum Opinion, that Petitioner had established by a preponderance of the evidence that the child was "wrongfully removed" within the meaning of the Hague Convention. 42 U.S.C. § 11603(e)(1). Specifically, the Court found that the child's habitual residence at the time of the removal was the Netherlands; that the Mother had rights of custody under Dutch law at the time of the removal and that the Mother was exercising her rights of custody at the time of the removal. Memorandum Opinion at 8-11. The Court further found that the Respondent did not establish any of the affirmative defenses, particularly the "grave risk" defense, which the Respondent had to prove by clear and convincing evidence. Id. at 12. The Court therefore concluded that the Respondent's removal of the child from the Netherlands on May 27, 2009 was wrongful and ordered that the child be returned to the Netherlands.

---

[1] There is no provision in the Hague Convention which addresses a request for a stay pending an appeal.

Respondent continues to overlook the fact that as of May 27, 2009, he had not registered the May 20, 2009 Order of the Court of Common Pleas of Lehigh County awarding him sole legal custody of the child in the Netherlands.[2] Having failed to do so, Respondent had absolutely no right to snatch the child from her school playground with the aid of a third party. Even though the May 20, 2009 Order of the Court of Common Pleas of Lehigh County was subsequently affirmed by the Superior Court of Pennsylvania in February of 2010, the father still had no right as of May 27, 2009 to snatch the child. It should be noted that the Court was never informed by the Respondent of the Superior Court decision until after the Court's Opinion of March 4, 2010 was issued. As the Court mentioned in its previous Opinion, the type of snatch and run engaged in by Respondent is exactly the type of self-help remedy the Hague Convention was designed to prevent. To give a legal advantage to an abductor who has a perfectly good legal remedy in lieu of abduction (registering the May 20, 2009 in the Netherlands), yet failed to pursue it, would run counter to the Hague Convention's goal of discouraging such abductions.

The Court also reminds Respondent that an abduction action under the Hague Convention is entirely separate from custody litigation. The Hague Convention is not, and was never meant to be, a vehicle for determining custody rights. Carrascosa v. McGiure, 520 F.3d 249, 260 (3d Cir. 2008). Given the evidence in this case, the Court does not believe that the likelihood that Respondent will be prevail on appeal is strong.

The next factor is whether the Respondent will be irreparably injured absent a stay. Given the Petitioner's past conduct, this factor gives the Court great concern. In our March 3, 2010 Opinion, the Court stated, "[t]he Mother was not credible with regard to the Father's visitation rights

---

[2] That Order, dated May 20, 2009, transferred sole legal and primary physical custody to the Respondent.

3

with the child in the Netherlands, her obligations to follow orders from the Pennsylvania Court and the manner in which she applied for Dutch citizenship for the child." Memorandum Opinion and Order at 5. Specifically, the Court found that

> "[d]uring the six years the Mother and the child have lived in the Netherlands, the Mother has failed to comply with numerous orders from the Pennsylvania Court concerning the Father's right to visit the child in the Netherlands and in the United States. Prior to the removal of the child on May 27, 2009, the Father had not seen the child since September, 2006. After the Mother moved to a new address in Ede, Netherlands in 2007, the Mother did not disclose the address or phone number to the Father. In addition, the Mother has left many messages with the Father claiming that he will never see the child again and that if he tries to see her, the Mother will change the child's name and get her a new passport."

Memorandum Opinion and Order at 2-3.

As a result, the Father has had to file numerous Petitions for Contempt in the Court of Common Pleas of Lehigh County, the final outcome of which transferred sole legal and primary physical custody to the Father. Given her past pattern of behavior, the Court is very concerned that the Mother will not comply with an Order from the Third Circuit ordering the child's return to the United States. The Mother may even choose to flee with the child to an unknown location in Europe and change the child's name, as she has threatened to do in the past. Moreover, since the May 20, 2009 Order of the Lehigh County Court of Common Pleas granting full legal custody to Respondent has been affirmed by the Superior Court of Pennsylvania, Petitioner will have only more incentive to ignore an Order from the Third Circuit or even relocate with the child. Out of an abundance of caution, the Court is unwilling to take that chance.

The Court also notes it would be potentially damaging to the child to allow her to return to the Netherlands for a short time during the pendency of the appeal, only to have the Third Circuit

4

ultimately order the child back to the United States. See Kijowska v. Haines, 463 F.3d 583, 590 (7th Ci. 2006). (Since the child had spent 13 months in the father's care after being taken to the United States, to have returned the child to Poland while father's appeal was pending "could have caused serious harm to the child by reuniting her with her mother for only a brief period should the District Court's order be reversed.")

Turning to the third factor, whether the issuance of a stay will injure the Petitioner, the Court finds that while Petitioner will understandably be disappointed with having to wait for a longer period of time to take her daughter back to the Netherlands, such disappointment is clearly outweighed by the irreparable harm that would be suffered by the Respondent were the Petitioner to ignore a Third Circuit Order or were the Petitioner to flee with the child. The Third Circuit will consider Respondent's Appeal on an expedited basis and, if the Third Circuit affirms the decision of this Court, Petitioner will be able to immediately depart with the child. While the appeal is pending and the Petitioner is in the United States, Petitioner can continue to communicate with the child through electronic means and have supervised visitation with the child.

Finally, the Court finds that the public interest lies in having the child returned to the Netherlands with the approval of the Third Circuit, but not prior to its decision. As noted above, it would cause a great disservice to the public to allow the child to be returned to the Netherlands while the appeal is pending, only to have the Court of Appeals subsequently order her back to the United States, and the Petitioner ignore such an order or choose to flee with the child.

Because the Court finds that the factors the Court must consider in deciding whether to issue a stay pending appeal favor the issuance of a stay, the Emergency Motion of The Respondent for a stay Pending Appeal is granted.

An appropriate Order follows.